## Robert Flanagan *v.* T. Packard and others.

### *Wagering Contract. Penal Statute. Conflict of Laws.*

If by the law of the place where a wagering contract is made and executed the losing party may maintain an action for the money paid, the action is transitory and may be sustained in any forum which obtains jurisdiction of the parties. On the other hand, a right of action for a penalty is local in its nature.

ASSUMPSIT, the declaration containing the general counts; tried by the court, September term, 1868, WILSON, J., presiding, on the following statement of agreed facts:

" On the 28th day of November, 1867, at Rouse's Point, in the state of New York, the plaintiff, at the solicitation of the defendants, and induced thereto by the deceit of the defendants who had combined together for that purpose, bet and wagered in a certain game or sport with the said defendants, fifty dollars in United States currency, and fifty dollars in gold, and afterward at Rouse's

36

Point aforesaid lost the same thereby, and the defendants then and there received and retained the money so bet and won at such game or sport, and on the 30th day of November, 1867, the plaintiff prayed out his writ of assumpsit at St. Albans, Vermont, signed by R. R. Sherman, a Justice of the Peace within and for the county of Franklin, which writ was duly served on the defendants at St. Albans aforesaid. The suit was duly tried by said justice, who rendered judgment for the plaintiff. The defendants appealed to the Franklin county court, April term, 1868. The plaintiff and defendants are all non-residents of the state of Vermont, and then resided in Canada, and by the laws of the state of New York the plaintiff would be entitled to recover of the defendants the money so lost if a proper action had been brought in their courts, and would also be entitled to recover the money so lost by the laws of Canada, had the transaction taken place there, and if the plaintiff is entitled to recover, damages to be entered for $116 and interest from November 28, 1867, and costs, otherwise the defendants are to recover their costs of the plaintiff."

On the foregoing agreed facts the court rendered judgment for the plaintiff, to which the defendants excepted.

*Hill & Safford* and *Dewey & Noble*, for the defendants.

At common law the plaintiff can not recover. Chitty on Contracts, 552; *Danforth* v. *Evans*, 16 Vt., 538. The contract was not void at common law, but made illegal by statute, and is therefore like a contract made in another state on Sunday, and the plaintiff can not recover. *Adams* v. *Gay*, 19 Vt., 358; *Tarleton* v. *Baker*, 18 Vt., 9. The plaintiff can not recover under the statute. The contract was made and executed without the jurisdiction of this state. Chapter 119 of section 13 of the General Statutes is penal, and limited in its operation to acts committed within this state. Story on Conf. Laws, 517, 518, 203; *Scoville* v. *Canfield*, 14 Johns., 337–340; *Pickering* v. *Fisk*, 6 Vt., 102.

*Edson & Rand*, for the plaintiff.

The statutes, 693 § 13, give the right of the plaintiff to recover the money under this form of action if he commenced his action within the time limited, and the case shows that he did.

The question has not been open in this state since the decision of the case of *Preston* v. *Hutchinson*, 29 Vt., 144.

The opinion of the court was delivered by

STEELE, J. The money which the plaintiff seeks in this action to recover was paid by him to the defendants in New York on a wagering contract, made in that state. The law of the place where the contract was made and executed will determine what rights the respective parties acquire under it. It is agreed that by the law of New York the plaintiff would be entitled to recover the money so lost, by a proper action in the courts of that state. It is not stated whether wagering contracts are prohibited in New York, or subject the parties to any penalty, but only that the money lost upon them may be recovered by the loser. If the law of New York merely gave the plaintiff a right of action against the defendants for a penalty, that action could not be enforced here. Penal actions are local in their nature and only lie in the forum where the penal law which has been violated is in force. But the stipulation that the plaintiff would in New York be entitled to recover *the money* he has paid upon the wager can not fairly be understood to refer to any statutory right to sue for a penalty. It amounts to an agreement or concession that, by the law of New York, the plaintiff would be entitled to treat this money as his funds in the defendants' hands which they hold against good conscience and to the plaintiff's use. This being so, the right of action for its recovery would be not local but transitory, as for any ordinary debt, and may be enforced in any forum which obtains jurisdiction of the parties. It is entirely immaterial whether under a similar contract made in Vermont the plaintiff could obtain relief. So long as by the law of New York, where the contract was made, the defendants obtained no valid title to the money, they obtained no title at all, and they can not invoke the law of any other state to give them one. .

We therefore have no occasion to say whether the plaintiff could have recovered the money if the wager had been made in this state.

The judgment of the county court is affirmed.